IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  <br>  )  <br> Plaintiff,  )  <br>  )  <br> vs.  )  <br>  )  <br> JEFFREY SCOTT KEPLER,  )  <br>  )  <br> Defendant.  )  | Criminal No. 4:11-cr-017  <br>  <br> DEFENDANT'S BRIEF IN SUPPORT  <br> OF MOTION TO DISMISS |

Defendant, Jeffrey Scott Kepler, through counsel, has filed a motion to dismiss the indictment against him. The defendant submits this brief in support of the motion.

**FACTS**

Count 2 of the three-count indictment charges Jeffrey Kepler with stolen valor, in violation of 18 U.S.C. § 704(b) and (d). The trial information includes an allegation that Mr. Kepler "falsely represented to the United States Department of Veterans Affairs on a DD Form 214, Certificate of Release and Discharge From Active Duty, that he had been awarded numerous Army medals, including the Silver Star, and twice awarded the Bronze Star and Purple Heart, along with other awards, when, in fact, he had not earned or been awarded any such medals."

**ARGUMENT**

**I.   ON ITS FACE, 18 U.S.C. § 704 PROHIBITS FREEDOM OF SPEECH, AND THUS IS INVALID UNDER U.S. CONST. AMEND. I.**

The First Amendment to the United States Constitution provides as follows:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a

redress of grievances.

Jeffrey Kepler is charged under 18 U.S.C. § 704(b) and (d), which provide as follows:

**b) False claims about receipt of military decorations or medals.**--Whoever falsely represents himself or herself, verbally or in writing, to have been awarded any decoration or medal authorized by Congress for the Armed Forces of the United States, any of the service medals or badges awarded to the members of such forces, the ribbon, button, or rosette of any such badge, decoration, or medal, or any colorable imitation of such item shall be fined under this title, imprisoned not more than six months, or both.

* * *

**(d) Enhanced penalty for offenses involving certain other medals**.--If a decoration or medal involved in an offense described in subsection (a) or (b) is a distinguished-service cross awarded under section 3742 of title 10, a Navy cross awarded under section 6242 of title 10, an Air Force cross awarded under section 8742 of section 10, a silver star awarded under section 3746, 6244, or 8746 of title 10, a Purple Heart awarded under section 1129 of title 10, or any replacement or duplicate medal for such medal as authorized by law, in lieu of the punishment provided in the applicable subsection, the offender shall be fined under this title, imprisoned not more than 1 year, or both.

Because § 704 operates as a content-based restriction upon speech, not narrowly drawn to further a compelling governmental interest, Mr. Kepler argues that count 2 must be dismissed as being violative of the First Amendment. It appears that the Ninth Circuit Court of Appeals is the only circuit in which § 704 has been challenged on First Amendment grounds. In *United States v. Alvarez*, 617 F.3d 1198 (9th Cir. 2010), the Ninth Circuit held that § 704 is facially invalid. The analysis of the majority opinion in *Alvarez* is thorough and compelling. Drawing upon the *Alvarez* reasoning, Mr. Kepler asks this Court to reach the same conclusion.

The *Alvarez* majority begins by noting that § 704, "as presently drafted, applies to pure speech; it imposes a *criminal* penalty of up to a year of imprisonment, plus a fine, for the *mere utterance or writing* of what is, or may be perceived as, a false statement of fact – without anything

more. The Act therefore concerns us because of its potential for setting a precedent whereby the government may proscribe speech solely because it is a lie." *United States v. Alvarez*, 617 F.3d at 1200, 1202. While the *Alvarez* majority recognized that most intentional false factual statements are not protected under the First Amendment, laws prohibiting false factual speech are subject to strict scrutiny analysis. *United States v. Alvarez*, 617 F.3d at 1200, 1202; *United States v. Playboy Entertainment Group*, 529 U.S. 803 (2000).

Certain well-defined classes of content are historically not subject to First Amendment protection. Examples include "obscenity, defamation, fraud, incitement, and speech integral to criminal conduct. . ." *United States v. Alvarez*, 617 F.3d at 1202; *United States v. Stevens*, 130 S.Ct. 1577 (2010). *Chaplinsky v. New Hampshire*, 315 U.S. 568, 572 (1942). The government in *Alvarez* took the opinion that under *Gertz v. Robert Welch*, 418 U.S. 323 (1974), false factual speech is categorically included on the list of unprotected speech. The Court responded that the truth of its content has never been a point of qualification for First Amendment protection. *United States v. Alvarez*, 617 F.3d at 1203; *New York Times v. Sullivan*, 376 U.S. 254, 271 (1964). Even in *Gertz*, the Court recognized that the "First Amendment requires that we protect some falsehood in order to protect speech that matters." *Gertz v. Robert Welch*, 418 U.S. at 341.

The unwanted byproducts of a wholesale proscription of false speech would be (1) to place the burden on the declarant to prove that the content of his or her statements should not subject him or her to prosecution, and (2) to vest government with a "license to interfere significantly with our private and public conversations." *United States v. Alvarez*, 617 F.3d at 1204. Ultimately, the presumption is that all speech is protected, and the burden is on the government "to demonstrate, either through a well-crafted statute or case-specific application, the historical basis for or a

compelling need to remove some speech from protection (in this case, for some reason other than the mere fact that it is a lie). *United States v. Alvarez*, 617 F.3d at 1205. What emanates from *Gertz* is the notion that it is defamation, and not all false content, that is unprotected. *United States v. Alvarez*, 617 F.3d at 1207-08.

The *Alvarez* Court then looked specifically at § 704 to determine whether the class of content it prohibits falls within the category of defamation. Starting with the assumption that "receipt of military decorations is a matter of public concern, as it primarily involves Congressional and military recognition of public service," the Court noted that § 704 "does not require a malicious violation, nor does it contain any other requirement or element of scienter." Even if a scienter requirement is read into the act, a false statement about receipt of military honors is not defamation absent some harm to a private individual. *United States v. Alvarez*, 617 F.3d at 1209. Congress attempted to define such a harm with a finding that false claims about military honors "damage the reputation and meaning of such decorations and medals." Stolen Valor Act of 2005, Pub.L.No.109-437, § 2(1). However, § 704 is not a defamation statute, because there is no burden on prosecutors to prove actual damage to the meaning of military declarations. More importantly, defamation requires harm to an individual person, not to government institutions and symbols. Other avenues besides criminal prosecution[1] exist for the protection of the integrity such institutions and symbols. *United States v. Alvarez*, 617 F.3d at 1209-10.

The final distinction between harms brought by § 704 violations and true defamation is that the negative effects of the latter continue even after it is revealed that they are untrue. *United States*

---

[1]The Court suggested educational programs, a prohibition upon using false claims of decoration to obtain benefits, etc. *United States v. Alvarez*, 617 F.3d at 1210.

*v. Alvarez*, 617 F.3d at 1211.

For whatever harm § 704 was intended to address, it was not drawn sufficiently narrowly. A prohibition upon false claims of military decorations might be valid if it targets claims that cause bona fide harm. Like other fraud statutes, such a provision might survive strict scrutiny if it contained elements of (1) knowledge and intent to mislead, (2) materiality, and (3) the fact that its recipient was actually misled. *United States v. Alvarez*, 617 F.3d at 1212. The Court concluded that § 704 does not survive strict scrutiny. *United States v. Alvarez*, 617 F.3d at 1215-17.

Mr. Kepler asks this Court to adopt the thoughtful analysis of *Alvarez* and dismiss count 2.

## CONCLUSION

Because Jeffrey Scott Kepler is charged under a section of the United States Code that is facially invalid under the First Amendment to the United States Constitution, the count 2 against him must be dismissed.

                FEDERAL DEFENDER'S OFFICE
                400 Locust Street
                Suite 340, Capital Square
                Des Moines, Iowa 50309-2353
                TELEPHONE: (515) 309-9610
                TELEFAX: (515) 309-9625
                E-MAIL: b._john_burns@fd.org

                  /s/ B. John Burns
                ATTORNEY FOR DEFENDANT

cc:

Craig Gaumer
United States Attorney's Office

ATTORNEY FOR PLAINTIFF,
UNITED STATES OF AMERICA

CERTIFICATE OF SERVICE
I hereby certify that on April 11, 2011, I electronically filed this document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.
    /s/ B. John Burns
    John Burns